## THE MAYOR AND ALDERMEN OF JERSEY CITY v. THE JERSEY CITY AND BERGEN RAILROAD COMPANY.

Argued June 14, 1904—Decided November 7, 1904.

The construction of its railroad by the defendant, under the municipal consent that was required by statute and that was given by the plaintiff upon condition that the defendant would pay to the plaintiff an annual license fee for each car run by the defendant on its road, constituted an obligation resting in contract to pay such fees, to the enforcement of which obligation by legal action the statute of limitations may be pleaded.

---

On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiff, *George L. Record* and *Gilbert Collins.*

For the defendant, *Sherrerd Depue, Frank Bergen* and *Richard V. Lindabury.*

The opinion of the court was delivered by

GARRISON. J. This is a demurrer to the plea of the statute of limitations. The broad ground of demurrer is that the

cause of action displayed by the declaration is not founded upon contract. The action set out in the declaration is for the recovery of the annual license fees prescribed by plaintiff's common council as the condition upon which its consent to the construction of the defendant's railroad was given. This declaration, when attacked by demurrer at a prior term, was sustained by this court upon the ground that the defendant, by accepting the consent of the plaintiff upon the terms on which that consent was conditioned, came under a legal obligation to pay these license fees. *Jersey City* v. *Jersey City and Bergen Railroad Co., 41 Vroom 360.*

The result of the premises, which are fully stated in that opinion, and of the reasoning upon which the decision was based, is that the defendant, by constructing its railroad under a consent of the plaintiff that was required by statute, and that was given upon condition that the defendant would pay to the plaintiff an annual license fee for each car run by the defendant on its road, incurred a legal obligation resting in contract to pay such fees. This conclusion, which upon the same premises we have reached, is at once the basis of the plaintiff's right to recover the fees so agreed to be paid, and of the defendant's right, when sued upon its said obligation, to interpose by plea the statute of limitations.

Judgment upon demurrer is given for the defendant.

The case of the same plaintiff against Consolidated Traction Company is disposed of by this decision, and a similar judgment may be entered in that case.